**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MEDHAT ELSAYED<br><br>*Plaintiff,*<br><br>v.<br><br>TRANSWORLD SYSTEMS, INC.<br><br>*Defendant.* | Civil Action No. 24-11327<br><br>**OPINION AND ORDER**<br><br>August 11, 2025 |

**SEMPER**, District Judge.

This matter comes before the Court upon Defendant Transworld Systems, Inc.'s motion to dismiss (ECF 3-1, "Mot.") *pro se* Plaintiff Medhat Elsayed's Complaint (ECF 1-2, "Compl."). Plaintiff opposed the motion. (ECF 5, "Opp.") Defendant filed a reply. (ECF 7, "Reply".) The Court has decided the motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff brings this suit alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by contacting him about "an unverified debt" without his consent. (Compl. at 1.) Specifically, Plaintiff claims that Defendant "furnish[ed] certain deceptive forms stating that I owe an unverified debt" which Defendant then mailed and email to

---

[1] The Court construes Plaintiff's *pro se* filings liberally. *See Marcinek v. Comm'r*, 467 Fed.Appx. 153, 154 (3d Cir. 2012) (holding that courts are "under an obligation to liberally construe the submissions of a pro se litigant").

1

him. (*Id.*) Plaintiff also alleges that Defendant called him about such debt. (*Id.*) Plaintiff claims that he never consented to any form of communication from Defendant. (*Id.*)

On September 17, 2024, Plaintiff commenced this action by filing a Summons and Complaint in the Superior Court of New Jersey, Law Division, Special Civil Part, Hudson County, alleging violations of 15 U.S.C. §§ 1692b(2), 1692b(3), and 1692c(a)(1). (*See id.*) On December 19, 2024, Defendant properly removed the case to federal court. (*See* ECF 1.) On the same day, Defendant filed the instant motion to dismiss for failure to state claim under Federal Rule of Civil Procedure 12(b)(6). (*See generally* Mot.)

II.     **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.

*Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorably to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

### III.  ANALYSIS

Defendant contends that the Complaint "patently fails to sufficiently state a cause of action" and asks this Court to dismiss it in its entirety. (Mot at 2.) Plaintiff argues that he has provided sufficient facts to allege Defendant's "repeated unauthorized communications" and "deceptive and misleading" practices that violate the FDCPA. (Opp. at 2.) The Court will address each of Plaintiff's claims in turn.

#### A.  Section 1692b

In pertinent part, 15 U.S.C. § 1692b ("Section 1692b") provides:

> Any debt collector communicating with <u>any person other than the consumer</u> for the purpose of acquiring location information about the consumer shall . . . (2) not state that such consumer owes any debt . . . (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;

15 U.S.C. § 1692b (emphasis added). For the purposes of the FDCPA, "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." *Id*. § 1692a(3). Because Plaintiff meets the definition of consumer under the statute and does not allege that Defendant communicated with any person other than himself, his claims under Section 1692b must fail and are **DISMISSED** without prejudice.

### B. 1692c Claims

Plaintiff claims that Defendant violated 15 U.S.C. § 1692c(a)(1) ("Section 1692c") because he did not consent to receive any communications from Defendant. (Compl. at 1.) However, merely alleging communication without consent is not enough to establish a violation of Section 1692c; the non-consensual communication must be "at an unusual or inconvenient time or place." *Pitts v. Bayview Loan Servicing, LLC*, No. 16–4501, 17 WL 2311664, at *2 (D.N.J. May 25, 2017) (citing 15 U.S.C. § 1692c(a)(1)); *Cohen v. Specialized Loan Servicing*, No. 16-4234, 2017 WL 253952, at *3 (D.N.J. Jan. 20, 2017) (same); *Camp v. Wells Fargo Bank, N.A.*, No. 16-2463, 2017 WL 3429344, at *3 (D.N.J. Aug. 9, 2017) (same). In accordance with the statute, a debt collector shall assume that the hours between "8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location" are convenient. 15 U.S.C. § 1692c(a)(1).

Here, the Complaint states that "it is never convenient for me to be contacted by [Defendant]." (Compl. at 1.) This is a far cry from the case law establishing what constitutes an unusual or inconvenient time or place. *See Woodward v. Pressler and Pressler, LLP*, No. 10–1325, 2014 WL 809003, at *6 (D.N.J. Feb. 28, 2014) (complaint alleging phone calls "at all times of the day, including early in the morning and late at night" was insufficient to state a claim under Section 1692c(a)(1) without providing specific times). Therefore, Plaintiff has failed to provide sufficient factual allegations to state a claim under Section 1692c, and this claim is **DISMISSED** without prejudice.

**IT IS** on this 11th day of August 2025,

**ORDERED** that Defendant's motion to dismiss (ECF 3) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (ECF 1-2) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff may file an Amended Complaint to cure the deficiencies stated herein within thirty (30) days; and it is finally

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff by certified mail return receipt.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:      Clerk
cc:         Jessica S. Allen, U.S.M.J.
            Parties